UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LESLY GABRIELA HERNANDEZ BULNES (A 206-721-795) Petitioner, | No. 1:26-cv-3004 |
| v. | |
| MARKWAYNE MULLIN, *et al.*, Defendants. | Honorable Paul L. Maloney |

**ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO") on November 2, 2026. ECF No. 6. The court **DENIES** the TRO for two independent reasons: (1) Petitioner failed to satisfy the procedural requirements necessary to invoke the court's authority to grant the TRO, and (2) Petitioner failed to establish irreparable harm.

Respondents are currently detaining Petitioner in Louisiana. ECF No. 9 PageID.90. Respondents seeks to remove Petitioner to Mexico. ECF No. 8 PageID.47. Petitioner asks this court to order Respondents to transfer Petitioner back to the Western District of Michigan. ECF No. 7 PageID.42.

## I. LEGAL STANDARD

District courts may issue TROs at their discretion. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, courts may issue TROs without notice to the adverse party only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the

moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, movant's counsel must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, courts must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition for the Homeless and Service Employees International Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors "are not prerequisites that must be met, but are interrelated concerns that must be balanced together."*Blackwell*, 467 F.3d at 1009 (internal citations and quotations omitted). Even so, "while the extent of an injury may be balanced against other factors, the existence of an irreparable injury is mandatory." *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citation modified).

## II. ANALYSIS

The court denies Petitioner's motion for a TRO for two reasons. First, the court does not have the authority to grant the TRO because Petitioner failed to satisfy the procedural prerequisites. Second, even if the court could grant the TRO, Petitioner failed to establish irreparable harm.

First, Petitioner failed to satisfy the procedural requirements that vest a court with authority to issue a TRO. Specifically, Petitioner did not file an affidavit or verified complaint establishing irreparable harm, as required by Rule 65(b)(1)(A). Because a court may only grant a TRO once the movant satisfies all the procedural prerequisites, Fed. R. Civ. P. 65(b)(1), the court does not have authority to grant the TRO here.

Second, Petitioner failed to show irreparable harm. Thus, the court would deny the TRO even if Petitioner had satisfied the procedural prerequisites. And while a court generally must balance the four factors for issuance of a TRO, a court abuses its discretion when it grants a TRO without evidence of irreparable harm. *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326–27 (6th Cir. 2019). Because Petitioner failed to establish irreparable harm, the court need not look to the other three factors.

Petitioner failed to establish that she will suffer irreparable harm if the court does not order Respondents to transfer her back to the Western District of Michigan. The court retains jurisdiction over this action notwithstanding the fact that Petitioner is now in Louisiana because Petitioner's custodian is a respondent in this action. *See Rumsfield v. Padilla*, 542 U.S. 426, 440 (2004)("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction").

Petitioner also argues that she will suffer irreparable harm if the court does not preclude Respondents from removing Petitioner to Mexico. There are two problems with this argument. First, Petitioner's request for relief in her TRO is limited to asking the court to order Respondents to transfer her back to the Western District of Michigan. Second, Petitioner has not alleged that she is subject to imminent removal.

## III. CONCLUSION

The court therefore **DENIES** Petitioner's TRO. ECF No. 6.

**IT IS SO ORDERED.**

Date: November 6, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge